IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LOUIS MICHAEL RICCARDI JR.,

       Plaintiff,

v.                               CASE NO. 5:13-cv-70-RS-GRJ

ELWYN LOUIS, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 30, Defendants' motion to dismiss the

complaint for failure to exhaust administrative remedies and failure to state a claim.

Plaintiff did not timely filed a response, and the Court issued an Order to Show Cause

as to why the case should not be dismissed. (Doc. 31.) Plaintiff responded with a

motion for extension of time (Doc. 32), and the Court granted the extension, with

Plaintiff's response due on or before September 9, 2013. To date, Plaintiff has failed to

respond to the motion to dismiss. For the following reasons, it is recommended that the

motion to dismiss be **GRANTED IN PART AND DENIED IN PART**.

## I. Plaintiff's Complaint

Plaintiff, a state prisoner at the time he filed the instant suit, alleges that on

August 23, 2012, at Jackson C.I., he declared a medical emergency after swallowing

two pencils, a pen, two AA batteries, a piece of an eyeglass frame, and nail clippers.

He contends that medical staff were "sarcastic and indifferent about the situation" and

that Defendant Louis told him it was impossible to swallow those things and suggested

Plaintiff be taken to confinement. Plaintiff alleges that Defendant Sellers wrote him a

false disciplinary report for assaulting medical staff and took him to confinement.  In

confinement, unnamed officers abused and threatened Plaintiff.  Nearly a month later,

Plaintiff was transported to the Santa Rosa County Jail in connection with a court

proceeding, and was taken to the emergency room.  Surgeons eventually removed

foreign objects from Plaintiff's abdomen.  Plaintiff also alleges that "at several points

time since" August 23, 2012, officers threatened to retaliate against him for filing

grievances.  Plaintiff contends that had prison medical staff acted appropriately, the

foreign objects could have been removed with an outpatient procedure and he could

have avoided major abdominal surgery.  Plaintiff provided the instant complaint to

prison officials for mailing on March 7, 2013.  For relief, Plaintiff seeks compensatory

and punitive damages.  (Doc. 1.)

## II.  Defendant's Motion to Dismiss

Defendants seek dismissal on the basis that, among other grounds, Plaintiff

failed to exhaust his administrative remedies as required by the Prison Litigation

Reform Act (PLRA), 42 U.S.C. § 1997e(a).  Attached to the motion to dismiss is a

declaration of Lezlie Burch, records custodian at Jackson C.I.  Burch attests that the

only formal grievance in Plaintiff's file that was approved was  #1208-104-075.  (Doc.

30, Exh. A.).  Also attached to the motion to dismiss is a declaration of Shirley A.

Johnson, records custodian at the FDOC Bureau of Inmate Grievance Appeals, who

attests that between August 23, 2012 and March 7, 2013, her office received two

grievance appeals from Plaintiff: #12-6-30127 and #13-6-08183.  (*Id.* at Exh. B.)

Defendants have also attached to their motion four grievances/grievance

appeals filed by Plaintiff.    Grievance log #1208104-075, reflects a formal grievance at

the institutional level filed by Plaintiff on September 13, 2012. (*Id.* at Exh. C, p. 1.) Plaintiff's grievance discusses other events not the subject of the instant complaint, but which also occurred on August 23, 2012. The only complaint he makes related to the instant complaint is: "The medical staff did not believe that I swallowed these objects, and the Doctor said to put me in confinement under observation." In response, Plaintiff's grievance was approved and referred to the Office of the Inspector General.

The next grievance, #12-6-30127, is a grievance appeal filed directly with the Secretary's Office on September 10, 2012. (*Id.* at Exh. D.) Again, while the allegations stem from the August 23, 2012 incident, the only reference Plaintiff makes regarding the instant complaint is: "I have been denied medical treatment." In response, the Office of the Secretary denied Plaintiff's grievance, stating that "the institution was contacted and Ms. Whiddon advises, you have not been denied medical treatment. In fact, you were being examined in Medical when you attempted to assault the nurse." (*Id.*)

On January 28, 2013, Plaintiff filed a grievance (#1301105-050) with the warden wherein he essentially made the same allegations against Defendants Louis and Sellers as he dos in the instant complaint. (*Id.* at Exh. E, p. 3.)   Plaintiff's grievance appeal was returned without action by the Office of the Secretary because it was in non-compliance with the DOC rules in that it was "so broad, general or vague in nature that it cannot be clearly investigated, evaluated and responded to." (*Id.* at p. 4.)

In response, Plaintiff filed a grievance appeal on March 5, 2013 (#13-6-08183) that again recounted similar allegations to those he makes in the instant complaint. (*Id.* at Exh E, p 1.)  On March 7, 2013, Plaintiff filed the instant complaint to prison officials

for mailing.   (Doc. 1.)  On March 29, 2013 the Office of the Secretary approved the grievance for further inquiry.  (Doc. 30, Exh. E, p. 2.)

Defendants argue that Plaintiff's complaint should be dismissed because: (1) the Defendants are entitled to Eleventh Amendment Immunity; (2) Plaintiff failed to exhaust his administrative remedies; and (3) Plaintiff fails to state a claim against Defendants Sellers and Bryant.

### III.  Discussion

### Eleventh Amendment Immunity

In his complaint, Plaintiff requests monetary damages from Defendants "in their individual capacity."  (Doc. 1, p. 8.)  Defendants contend that Plaintiff "does not completely specify if he sues Defendants in their official capacities" and "invoke Eleventh Amendment immunity for the Plaintiff's request for monetary relief."  (Doc. 30, p. 6.)  The law is well settled that a suit against a state employee in his or her official capacity is deemed to be a suit against the state for Eleventh Amendment purposes. *Will v Michigan Dep't. Of State Police*, 491 U.S. 58, 71 (1989). Therefore, under the Eleventh Amendment when state officials are sued for damages in their official capacity the state officials are immune from suit in federal court. *Jackson v. Georgia Dep't. Of Transp*., 16 F.3d 1573, 1575 (11th Cir. 1994).  Accordingly, to the extent there is any ambiguity in the complaint, Plaintiff's official capacity claims against Defendants are due to be dismissed.

### Exhaustion

The Prison Litigation Reform Act, 42, U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before filing an action challenging prison

conditions. "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 211 (2002).

Further, the PLRA's exhaustion requirement contains a procedural default component; prisoners must comply with the applicable deadlines, or good-cause standards for failure to comply, contained in the administrative grievance procedures. *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005). "'[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. . . . [T]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002)).

The Florida Administrative Code provides an administrative remedy process for inmates of facilities within the Florida Department of Corrections. With certain exceptions, inmates initiate the process by submitting an informal grievance. If the inmate is dissatisfied with the response to the informal grievance, he can submit a formal grievance at the institutional level within 15 days of the response to the informal grievance. If the inmate is dissatisfied with the response to the formal grievance, he can file an appeal with the Office of the Secretary within 15 days of the response to the formal grievance.[1]

In the Eleventh Circuit, the defense of failure to exhaust under the PLRA is

---

[1] *See* Fla. Admin. Code § 33-103.005-008, § 33-103.011(c).

considered a matter in abatement under Fed. R. Civ. P. 12 and, thus, is treated like a defense of lack of jurisdiction. *Bryant v. Rich,* 530 F.3d 1368, 1374, 1376 (11th Cir. 2008)*.* Deciding a motion to dismiss for failure to exhaust administrative remedies requires a two-step process as established in *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008)*.* The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082. If the complaint is not subject to dismissal through the first step, the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.*

**Dr. Louis**: Plaintiff mentions his allegations of denial of medical care in all of the grievances attached to the motion to dismiss. In his formal grievance at the institutional level, Plaintiff stated, in relevant part, that he "swallowed some foreign objects and declared a medical emergency. The medical staff did not believe that I swallowed these objects, and the Doctor said to put me in confinement under observation." (Doc. 30, Exh. C, p. 1.) In response, Plaintiff's grievance was approved to the extent that it was referred to the Office of the Inspector General for Review. (*Id.* at p. 2.) Next, Plaintiff grieved that he had "been denied medical treatment." (*Id.* at Exh. D.) In response, his grievance appeal was denied, and medical staff advised that Plaintiff had not been denied medical treatment and had actually attempted to assault the nurse

during examination.[2]  Plaintiff's next grievance more explicitly alleged that Dr. Louis and medical staff were deliberately indifferent to Plaintiff's medical needs, but was returned without action as too vague.  (*Id.* at Exh D.)  Finally, Plaintiff made another grievance, also with more explicit details about his allegations against Dr. Louis, and it was approved, but not until *after* Plaintiff filed the instant complaint.

Because grievance #1301104-050 was returned without action, because it was not compliant with FDOC rules and grievance #13-6-08183 was not responded to until after the instant complaint was filed,[3] the issue is whether Plaintiff exhausted his administrative remedies in his first two grievances (#1208104-075 and #12-6-30127). Although Plaintiff provided minimal factual detail in each of these grievances, the Court finds that, based on Plaintiff's grievances and the responses thereto, Plaintiff put the FDOC on notice of his deliberate indifference claim against Dr. Louis and exhausted this claim.  Although Plaintiff's allegation of "denial of medical treatment" on August 23, 2012 in grievance #12-6-30127 was vague, it is clear from the response that the FDOC investigated the specific incident, and noted that Plaintiff was accused of assaulting a nurse while he was being examined.  This is consistent with Plaintiff's allegation that Defendant Sellers wrote Plaintiff a disciplinary report for assaulting a member of the medical staff (Doc. 1, p. 5) and Plaintiff's reference in grievance #130114-050 that

---

[2]This allegation appears to underlie the disciplinary report that Plaintiff alleges Defendant Sellers fabricated.

[3] *See, e.g., Smith v Terry,* 2012 U.S. App. LEXIS 20352, at *5-6 (11th Cir. 2012) ("[amending an original complaint] did not change the important historical fact: [the prisoner's] administrative remedies were unexhausted when he filed his original complaint.  Therefore, he cannot cure the exhaustion defect.") (citing *Harris v. Garner,* 216 F.3d 970, 974 (11th Cir. 2000) (en banc)).

when he did not receive treatment, he "became agitated" and this led to the receipt of a disciplinary report for assault on staff and confinement.  (Doc. 30, Exh. D., p. 3.) Accordingly, Defendants' motion to dismiss the claims against Dr. Louis for failure to exhaust is due to be denied.

### Officer Sellers & Warden Bryant

As explained above, the issue is whether Plaintiff exhausted his claims in his first two grievances (#1208104-75 and #12-6-30127).  It is clear from these grievances and the responses that Plaintiff did not exhaust his claims as to these defendants.  He makes no mention of either Defendant or his claims against them in either of the relevant grievances, and therefore has failed to exhaust his administrative remedies against Defendants Sellers and Bryant.  Accordingly, Defendants' motion to dismiss for failure to exhaust as to Defendants Sellers and Bryant is due to be granted.

### <u>Failure to State a Claim</u>

Defendants also allege that Plaintiff has failed to state a claim against Defendants Bryant and Sellers.  As to Defendant Bryant, Plaintiff's sole claim is that as the Warden of the prison, Defendant Bryant "is legally responsible for the welfare of all the inmates at the institution, and is indirectly responsible for the way Officer C. Sellers and Dr. E. Louis handled the incident."  (Doc. 1, p. 6.)  Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. In order to be liable, the claimant must show that the official "personally participate[d]" in the act or there was "causal connection between the actions of [the] supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).  The complaint is

devoid of such allegations and accordingly, the individual capacity claims against Warden Bryant are due to be dismissed.

As to Defendant Sellers, Plaintiff alleges that *after* he was seen by medical staff and they declined to treat him, Plaintiff "became agitated and asked the Officer, Correctional Officer C. Sellers, to intervene."  Plaintiff alleges that Officer Sellers fabricated a disciplinary report for assaulting staff and had Plaintiff moved to confinement.  (Doc. 1, p. 5.)   Plaintiff contends that Officer Sellers was deliberately indifferent to his medical needs.

As to the alleged false disciplinary report, federal courts do not operate as appellate courts for prison disciplinary actions.  Plaintiff makes a conclusory allegation that Defendant Sellers falsified a disciplinary report.  This alone is insufficient to state a constitutional claim.  Even if Plaintiff suggested that the report was somehow falsified as retaliation against Plaintiff, the Eleventh Circuit has explained, "a prisoner cannot maintain a retaliation claim when he is convicted of the actual behavioral violation underlying the alleged retaliatory false disciplinary report and there is evidence to sustain the conviction."   *O'Bryant v. Finch*  637 F.3d 1207, 1215 (11th Cir. 2011) (citing *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir.2008) (involving allegations of false disciplinary reports and concluding "claims of retaliation fail if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule").  Thus, "[i]f a prisoner is found guilty of an actual disciplinary infraction after being afforded due process and there was evidence to support the disciplinary panel's fact finding, the prisoner cannot later state a retaliation claim against the prison employee who reported the infraction in a disciplinary report.  Whether an inmate actually committed the

charged infraction or whether the disciplinary report falsely accuses the inmate are questions of fact that are decided by the disciplinary panel." *Id*. Here, Plaintiff makes no allegation in his complaint, or in any of his grievances, that he was denied due process in connection with the disciplinary hearing. Nor has Plaintiff responded to the motion to dismiss. Accordingly, Plaintiff has failed to state a claim against Defendant Sellers as to the allegedly false disciplinary report.

As to Plaintiff's claim that Officer Sellers was deliberately indifferent to his medical needs, he has also failed to state a claim. A claim that a prisoner has been deprived of medical attention requires that the prisoner demonstrate (1) "an objectively serious medical need," so grave that, "if left unattended, poses a substantial risk of serious harm," and (2) that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain," and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). The facts, as Plaintiff has alleged, are that he was seen by medical personnel, including a physician, and that Defendant Sellers was present during the observation performing his duties as a security officer in the medical department. After medical officials declined to provide immediate treatment to Plaintiff, Plaintiff admits that "he became agitated and asked [Defendant Sellers] to intervene." (Doc. 1, p. 5.) Taking these facts in Plaintiff's complaint as true, he has failed to state a claim for relief. Plaintiff was evaluated by medical professionals, they made a treatment decision, and it cannot be said that the correctional officer present, Defendant Sellers, subjectively disregarded a risk of serious harm to Plaintiff by failing to attempt to override the medical decisions of

healthcare providers.  Accordingly, Plaintiff has failed to state a claim against Defendant Sellers for deliberate indifference.

## IV.  Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that:

Defendants' Motion to Dismiss (Doc. 30) should be **GRANTED IN PART AND DENIED IN PART.**   Defendants Louis, Sellers, and Bryant are entitled to Eleventh Amendment immunity and therefore any official capacity claims for damages against them should be **DISMISSED**.  The individual capacity claims against Defendants Sellers and Bryant should be **DISMISSED** for failure to exhaust administrative remedies and failure to state a claim.  However, Defendants' motion to dismiss as to Defendant Louis in his individual capacity for failure to exhaust administrative remedies should be **DENIED.**   Therefore, the case should proceed only as to the individual capacity claim of Eighth Amendment deliberate indifference against Defendant Dr. Louis.

**IN CHAMBERS**  this 17th day of September 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**