IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LOUIS MICHAEL RICCARDI JR.,

    Plaintiff,

vs.                                          Case No: 5:13-cv-70-RS-GRJ

DR. ELWYN LOUIS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 50, Defendant's Motion for Sanctions, for Dismissal and for Order to Show Cause, pursuant to Federal Rules of Civil Procedure 37(d) and 41(b) and Northern District of Florida Local Rule 41.1. On July 14, 2014, Plaintiff was ordered to show cause, as to why the Motion for Sanctions and Dismissal should not be granted. (Doc. 51.) In that same order, Plaintiff was notified that failure to comply with the Order could result in the granting of the Motion for Sanctions and Dismissal. The deadline for showing cause has passed, and Plaintiff has failed to respond. For the following reasons the undersigned recommends that, Defendant's Motion for Sanctions and Dismissal be granted.

### Background

On February 12, 2012, Plaintiff, who was then incarcerated with the Florida Department of Corrections, filed a pro se 42 U.S.C. § 1983 complaint against Defendants, Elwyn Louis, a medical doctor, Officer C. Sellers, a correctional officer, and

Warden Bryant, a prison warden. Louis, Sellers and Bryant all worked at the Jackson Correctional Institute, in Malone, Florida, while Plaintiff was an inmate there. Plaintiff alleges that on August 23, 2012 Defendants violated his Eighth Amendment rights by failing to provide him with prompt, appropriate medical care, after Plaintiff swallowed several foreign objects, including pencils and nail clippers. Plaintiff alleges that their failure to take Plaintiff's condition seriously resulted, one month later, in otherwise avoidable abdominal surgery, and continuing gastro-intestinal problems.

After being released from prison, Plaintiff moved to Mt. Vernon, New York, and he filed notices of change of address with the court. He filed his most recent change of address in June 2013. (Doc. 29.) On October 24, 2013, following Defendants' Motion to Dismiss, all claims against the three defendants, in their official capacity, were dismissed, and the claims against Defendants Sellers and Bryant, in their individual capacity, were dismissed. Only the Eighth Amendment claim of deliberate indifference against Elwyn Louis continued. (Doc. 38.)

On November 8, 2013, the court issued a scheduling order setting a 90 day discovery period, followed by a twenty day filing period for dispositive motions. (Doc. 40.) On December 16, 2013 Plaintiff filed his last document in this matter, a Motion for Appointment of Counsel. (Doc. 41.) On January 27, 2017, nearing the close of discovery, the parties agreed to extend the deadlines, so that Plaintiff could arrange to come to Florida for a deposition, and the court granted the extension. (Docs. 43 and 44.) The copy of the Order granting the motion was mailed to Plaintiff, but was returned as undeliverable mail. (Doc. 45.)

On multiple occasions after the extension of time, Defendant contacted or attempted to contact Plaintiff to confirm the time, date and location of the deposition. (Doc. 50.) Despite these attempts, on March, 18, 2014, the scheduled date of the deposition, Plaintiff failed to appear. Neither Defendant's counsel nor the staff at the office of the Attorney General of Florida were able to reach Plaintiff at the phone numbers Plaintiff gave. (Doc. 50.)

On March 26, 2014, Defendant filed his first Motion for Sanctions, (Doc. 47.) which Plaintiff failed to respond to, and on May 15, 2014, the court entered an Order granting Defendant's motion. Plaintiff was ordered to pay Defendant $621 for fees and costs incurred by Defendant when Plaintiff failed to appear at his deposition. The court also ordered Plaintiff to submit to an oral deposition. The court extended the deadline for discovery until July 14, 2014, and the deadline for dispositive motions to August 4, 2014. The court also warned Plaintiff that failure to comply with the order may result in dismissal of the claim or in other sanctions. (Doc. 49.)

On June 4, 2014, Defendant's counsel served Plaintiff a notice of deposition scheduled for July 9, 2014, a copy of the May 15, 2014 Order, and a letter requesting payment of the fees and costs as ordered. (Doc. 50, Ex. A.) Defendant's counsel sent two additional letters reminding Plaintiff of the deposition date. (Doc 50, Ex. B,C.) None of the mailings were returned, but Defendant never received any response or confirmation from Plaintiff. Again, on July 9, 2014, Plaintiff failed to appear at his deposition. (Doc 50, Ex. D.)

Following Plaintiff's failure to comply with the discovery deadline, Defendant filed

the instant Motion for Sanctions and Dismissal (Doc. 50.) and the court entered an order requiring Plaintiff to show cause, on or before July 28, 2014, as to why the motion for sanctions and dismissal should not be granted, and again warning Plaintiff that failure to respond may result in dismissal of his action. (Doc. 51.)  The deadline has since passed, and Plaintiff has failed to show cause or to respond in any way to the Order, or to take any action in the proceedings.

## Dismissal of Action as Sanction

Federal Rule of Civil Procedure 37(b) states that the court, on a motion, may order sanctions for a party's failure to attend its own deposition, when that party has been properly notified.  Fed. Rule Civ.  Pro. 41 (b) allows for involuntary dismissal of an action if the plaintiff fails to prosecute or to comply with the rules or a court order, and a defendant moves to dismiss the action or any claim against it.  Any dismissal pursuant to 41(b) operates as an adjudication on the merits.

Pursuant to Northern District of Florida Local Rule 41.1 (A), when there is no activity in a civil matter for more than 90 days, the court may enter an order to show cause why the case should not be dismissed.  If the party does not show satisfactory cause, the court may dismiss the action for want of prosecution. Local Rule 41.1 (B) allows the court to enter an order to show cause as to why a claim should not be dismissed for failure to comply with the Local Rules, the Federal Rules of Civil Procedure, or a court order.  Again, if good cause is not shown, the court may dismiss the action for failure to comply.

Although it is permissible, dismissal is a sanction of last resort.  The Eleventh Circuit "consistently has found Fed. Rule Civ. Pro. 37 sanctions such as dismissal or entry of default judgment to be appropriate, however, only 'where the party's conduct amounts to flagrant disregard and willful disobedience of discovery orders.'" *U.S. v. Certain Real Property Located at Route 1, Bryant, Ala.,* 126 F.3d 1314 (11th Cir. 1997); quoting *Buchanan v. Bowman,* 820 F.2d 359, 361(11th Cir. 1987) The purpose of sanctions under Fed. Rule Civ. Pro. 37 is "to 1) compensate the court and other parties for the added expense caused by discovery abuses, 2) compel discovery, 3) deter others from engaging in similar conduct, and 4) penalize the offending party or attorney." *Wouters v. Martin County*, 9 F.3d 924, 933 (11th Cir. 1993).  Dismissal is warranted only where noncompliance with discovery orders is due to willful or bad faith disregard for those orders. *Id*. at 934. (Dismissal was not proper when plaintiffs complied with the discovery order, but in a manner that the judge did not like.)

The Eleventh Circuit has also stated that dismissal under Fed. Rule Civ.  Pro. 41(b) is appropriate only if "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K. Agencies Ltd.*, 432 F.3d 1333, 1339 (11th Cir. 2005); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir.1985).

In determining if the sanction of dismissal is appropriate, factors looked at by one court included- Did the court enter an order to show cause? Is there a record of delay or non compliance? At what stage in the litigation did the party fail to follow the court order?  Is there a lesser sanction that would serve the interests of justice? Are there

Case 5:13-cv-00070-RS-GRJ   Document 53   Filed 08/07/14   Page 6 of 9

Page 6 of 9

known mitigating circumstances? What is the prejudice to the other party? Does it appear that the party has willfully abandoned the lawsuit? *Luster v. Ledbetter*, 665 F. Supp. 2d. 893, 898 (M.D. Ala. 2009).

The decision to dismiss for want of prosecution lies within the trial court's discretion and can be reversed only for an abuse of discretion. *Smith v. Dalton,* 1997 WL 33643130, 9 (11th Cir. 1997), citing *Martin-Trigona v. Morris*, 627 F.2d 680 (5th Cir. 1980). In *Durgin v. Graham*, the Court of Appeals for the former Fifth Circuit upheld dismissal of a case for lack of prosecution where the plaintiffs willfully refused to appear for the taking of their depositions. 372 F. 2d 130, 131 (5th Cir. 1967). In *Hepperle v. Johnson* the court of appeals upheld a dismissal where plaintiffs not only exhibited a pattern of delay, but also received a warning of dismissal and refused to obey court orders to appear. 590 F.2d 609, 613 (5th Cir. 1979).

## ANALYSIS

Plaintiff's failure to appear for his deposition, after proper notice, has made sanctions pursuant to Fed. Rule Civ. Pro. 37 appropriate. Whether or not these failures are sufficient to warrant the sanction of dismissal, pursuant to Fed. Rule Civ. Pro. 41, requires further analysis. The first part to the test to determine if Plaintiff's action may be dismissed looks for a clear pattern of delay or willful contempt, amounting to contumacious conduct. In the instant matter, Plaintiff has missed two scheduled depositions, has failed to respond to two motions for sanctions and an order to show cause, has failed to pay sanctions as ordered by the court, and has failed to provide the court and opposing counsel with a phone number where he may be

5:13-cv-70-RS-GRJ

reached.  Additionally, Plaintiff's most recent filing in the case was on December 13, 2013.

Although Plaintiff has not responded to the orders sent to him, it appears that the orders have been delivered, as nothing has been returned since January 2014.  Both the Order to Show Cause and the Order of Sanctions have made Plaintiff aware that his failure to respond could result in dismissal of the action, but he has still failed to respond.  Given the multiple opportunities that Plaintiff has had to correct his lack of action, and his failure to do anything, Plaintiff's behavior appears to be a stubborn or willful disobedience to the court's authority.

Next, the court must determine if there is a lesser sanction that would serve the interest of justice.  In this case, the court has already attempted to impose lesser sanctions.  Plaintiff was ordered to pay Defendant's costs and fees for the first missed deposition, but has not paid, and still missed his second scheduled deposition.  Nothing in the record leads the court to believe that lesser sanctions would convince Plaintiff to comply.  Additionally, lesser sanctions would impose a burden on Defendant.  Defendant has already attempted to attend, and paid the cost of, two depositions that never occurred, and requiring a third one would impose additional time and financial burdens on Defendant, without any guarantee that Plaintiff will attend or pay the costs.  Therefore, it appears that additional lesser sanctions would not serve the interest of justice.

Looking at the seven factors discussed in *Luster* the court reaches the same conclusion.  1) The court has entered an order to show cause, which Plaintiff has

ignored. 2) There is a significant record of non-compliance by Plaintiff. 3) Plaintiff's actions have occurred during depositions, making eventual witness statements older and less reliable. 4) Lesser sanctions have not served the interest of justice, and do not appear likely to do so in the future. 5) Plaintiff has not presented or attempted to present any mitigating factors, which explain his non-compliance. 6) Defendant is prejudiced by the expense and time require to chase down a non-responsive Plaintiff. 7) And, last, it appears that Plaintiff has abandoned this lawsuit. The lack of any written action on the part of Plaintiff for over seven months, and the lack of responses to the court's orders and the Defendant's requests, all point to a Plaintiff who is no longer interested in prosecuting this action. If Plaintiff were truly interested in pursuing his case, he has had ample opportunity to respond to the court orders and the Defendant's deposition requests.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss (Doc. 50) should be **GRANTED**, this case should be **DISMISSED** and judgment should be entered in Defendant's favor.

**IN CHAMBERS** this 7th day of August 2014.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**